**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:06CV-P75-M**

**RALPH FRANKLIN, JR.** *et al.*                                                                                     **PLAINTIFF**

**v.**

**ARAMARK CORPORATION**                                                                                        **DEFENDANT**

**MEMORANDUM OPINION**

On May 31, 2006, three *pro se* Plaintiffs, all incarcerated in the Green River Correctional Complex, initiated this civil action against Defendant Aramark Corporation seeking to represent themselves as well as all "inmate kitchen workers (past, present, and future), as of and including January 5, 2005." The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiffs' complaint because it fails to state a claim.

**I. SUMMARY OF COMPLAINT**

Plaintiffs, all current or former kitchen workers at the Green River Correctional Complex, allege that on or about January 5, 2005, Defendant Aramark took over the kitchen from the State Corrections Department at Green River Correctional Complex. After the "take-over" Plaintiffs continued to be paid at the same rate that they received when the State Corrections Department ran the kitchen, $0.65 to $2.00 per day. Plaintiffs allege that because Defendant is "a private for profit enterprise" it should be required to pay inmates the same minimum wage it is required to pay its other workers under the Fair Labor Standards Act ("FLSA").

**II. STANDARD OF REVIEW**

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

Congress enacted the FLSA to eliminate, "in industries engaged in commerce or in the production of goods for commerce, . . . labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The minimum wage provisions of the FLSA apply only to workers who are "employees" within the meaning of the Act. 29 U.S.C. § 206(a)(1). An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

While the FLSA does not expressly exclude prisoners from the definition of "employees," it does not expressly include them either. The Supreme Court has indicated that for the purposes of the FLSA the term "employee" must be interpreted in light of the "economic reality" of the relationship between the parties. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). In an unpublished opinion, the Sixth Circuit concluded that prisoners working within the prison were not considered "employees" under the FLSA, and therefore, were not entitled to receive the minimum wage:

2

> Other circuits which have addressed this issue have concluded that prisoners are not employees entitled to the minimum wage because the prison has a rehabilitative rather than a pecuniary interest in encouraging inmates to work, because the relationship is not an employment relationship but a custodial one, and because the purposes of the Fair Labor Standards Act are not implicated in this situation, as the prisoner does not require the minimum wage to maintain his standard of living, which is provided by the state, and there is no unfair competition with employers outside the prison. . . The fact that the prison . . . is managed by a private contractor does not render the interest served by providing work for the inmates into a pecuniary rather than a rehabilitative one. Under either scenario, services not performed by prisoners would have to be obtained at a greater expense. The parties maintain a custodial rather than an employment relationship. [The plaintiff] does not require the federal minimum wage to maintain his standard of living, and no employer outside the prison is subjected to unfair competition.

*Abdullah v. Myers*, No. 94-5782, 1995 U.S. App. LEXIS 9061, at *2-4 (6th Cir. Apr. 13, 1995).

The Court finds this logic persuasive. The FLSA was enacted to provide a minimal standard of living necessary for the health, efficiency, and general well-being of workers. Plaintiffs, all incarcerated inmates, have all of their basic needs (food, shelter, clothing) provided for by the State. As such, prisoners do not depend on their wages to meet these needs.

The fact that Defendant Aramark is a private corporation does not change this result. Plaintiffs were assigned to work in the kitchen as part of their incarceration, and the State, not Aramark, retains ultimate control over Plaintiffs. For example, upon release or transfer to another facility, an inmate's work assignment in the kitchen would no doubt terminate, not because of any decision on Aramark's part, but rather because of the State's decision regarding the inmate's status. In sum, the "economic reality" of the parties' relationship is simply not one of employee and employer for the purposes of the FLSA. *See also Adams v. Neubauer*, No. 06-3044, 2006 U.S. App. LEXIS 19016 (10th Cir. July 26, 2006) (holding that FLSA did not apply to inmates working in prison even if though they were paid by Aramark).

The Court also notes that a number of other circuit courts have likewise concluded that the FLSA does not apply to inmates performing work inside the prison while incarcerated. *See, e.g.,*

3

*Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) ("Prisoner doing work in or for the prison is not an 'employee' under the FLSA and is thus not entitled to the federal minimum wage."); *Bennett v. Frank*, 395 F.3d 409 (7th Cir. 2005) ("The Fair Labor Standards Act is intended for the protection of employees, and prisoners are not employees of their prison, whether it is a public or a private one. So they are not protected by the Act."); *Gambetta v. Prison Rehabilitative Indus. & Diversified Enters.*, 112 F.3d 1119, 1125 (11th Cir. 1997) ("We hold that inmates of state prisons who work for industries operated as state instrumentalities are not covered by the Fair Labor Standards Act and are not entitled to receive federal minimum wage for their labor."); *Nicastro v. Reno*, 84 F.3d 1446, 1447 (D.C. Cir. 1996) ("The question presented here is whether federal prisoners who work for Federal Prison Industries, Inc. (FPI) are 'employees' entitled to receive the minimum wage under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* We hold that they are not."); *Danneskjold v. Hausrath*, 82 F.3d 37, 43 (2d Cir. 1996) ("Where a prisoner's work produces goods or services for the use of the prison, we also do not believe that the use of a private contractor as an intermediary subjects either the contractor or the institution to the FLSA."); *McMaster v. Minnesota*, 30 F.3d 976, 980 (8th Cir. 1994) ("We hold that inmates such as the present plaintiffs, who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not 'employees' of the state or prison within the meaning of the Fair Labor Standards Act.").

      Accordingly for the reasons set forth above, the Court will dismiss Plaintiffs' complaint for failure to state a claim.

## IV. CLASS ALLEGATIONS

The Court also notes that Plaintiffs sought to represent not only themselves, but also a class of all similarly situated kitchen workers. Of course, the fact that Plaintiffs sought class action status is of no legal significance prior to certification of a class by the Court. *See In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996) ("A class is not maintainable as a class action by virtue of its designation as such in the pleadings."). Rather, before certifying a class action, a district court must conduct a "rigorous analysis" into whether the representative seeking class certification has demonstrated that the action satisfies all of the prerequisites of Federal Rule of Civil Procedure 23. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). There is no need for the Court to perform such an analysis in this case because the Court has determined that the underlying action has no merit. Nevertheless, the Court notes that generally *pro se* prisoners are not adequate representatives fairly able to represent the class. *See Giorgio v. Dep't Human Servs.*, No. 95-6327, 1996 U.S. App. LEXIS 22574 (6th Cir. Aug. 7, 1996) (citing *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975)).

The Court will enter an Order consistent with this memorandum opinion.

Date:

cc: Plaintiffs, *pro se*
      Defendant

4414.008